UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLA HEMMONS, ESQ., and SEBASTIAN HALE, | ) Case No. 1:20-cv-02132-SO ) |
| Plaintiffs, | ) JUDGE SOLOMON OLIVER, JR. ) |
| vs. | ) MAGISTRATE JUDGE ) CARMEN E. HENDERSON ) |
| ANDREW SAUL, Commissioner of Social Security | ) ) ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

### I. Introduction

Plaintiffs Sebastian Hale and Willa Hemmons (who is the real party in interest in this case) alleged that Andrew Saul, the Commissioner of Social Security, failed to withhold for and pay to Hemmons a percentage of Hale's awarded benefits. The Commissioner has moved to dismiss this action under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. This matter was referred to me under Local Rule 72.2(b) to prepare a report and recommendation on case-dispositive motions. Because the Court lacks subject matter jurisdiction over this action, I recommend that it be dismissed.

### II. Relevant Background

Hale filed for SSI in November 2018. (ECF No. 16-1, PageID #: 76). Hemmons represented Hale in his administrative action. (ECF No. 1, PageID #: 1). Hemmons represented Hale under an August 2019 agreement that promised Hemmons twenty-five percent of Hale's awarded benefits (if any), up to $6000. (ECF No. 1, PageID #: 2). Hemmons and Hale informed the Commissioner of that arrangement on January 21, 2020, on a form known as "Agency Form SSA-1693." (ECF No. 16-3, PageID #: 94; ECF No. 16-11, PageID #: 151). On February 6, 2020,

an ALJ determined that Hale was disabled from September 9, 2019, through the decision date. (ECF No. 16-4, PageID #: 99-112). This was a partially favorable decision. On March 10, 2020, the Commissioner awarded to Hale back payments of $3,108. (ECF No. 16-5, PageID #: 118). Because Hale was awarded benefits, Hemmons was entitled to an authorized fee of $777 under her agreement with Hale. (ECF No. 16-1, PageID #: 76).

This case does not concern the Commissioner's decision to only partially award benefits to Hale; instead, that is only the premise for the matter: Hemmons' authorized fee award. Claimant representatives who successfully assist claimants in receiving benefits awards, such as Hemmons, must file a Form SSA-1699 to register with the Commissioner for direct payments of authorized fee awards, to provide information required for Internal Revenue Service income tax reporting, and to obtain e-folder access. Hemmons states that she faxed a Form SSA-1699 to the Commissioner on March 2, 2020, "to a designated 1-800 number as advised by a Social Security Administration Customer Service Representative for appointed Representative Services." (ECF No. 17, PageID #: 155; ECF No. 18-1, PageID #: 203). But on April 8, 2020, the Commissioner noticed Hemmons by mail that she was "not registered in the Appointed Representative Database," *i.e.*, that the Commissioner had not received Hemmons' paperwork. (ECF No. 16-6, PageID #: 134). In that letter, the Commissioner stated that Hemmons had until the Commissioner "effectuate[d] a favorable decision" to be registered; the Commissioner required Hemmons to "complete the registration within 15 days" and "again referred her to the Commissioner's website describing the registration process." (ECF No. 16-6, PageID #: 134).

According to the Commissioner, though, Hemmons did not follow those instructions. Thus, on April 23, 2020, the Commissioner noticed Hemmons again that she was still not registered. (EC No. 16-7, PageID #: 136). The Commissioner stated that it was "unable to process [her] …

2

Appointment of Representative [form] that [she] submitted … because [she] ha[d] not enrolled in the Appointed Representative Services (ARS) system." (ECF No. 16-7, PageID #: 136). The Commissioner then suggested that Hemmons should register online or "complete a SSA-1699 and mail the completed form." (ECF No. 16-7, PageID #: 136). The Commissioner began paying back Hale's award beginning in late April 2020. (ECF No. 16-11, PageID #: 152). The Commissioner did not withhold the $777 authorized fee for Hemmons.

Hemmons requested reconsideration in July 2020, indicating that she disagreed with the Commissioner's "refusal … to pay/release [Hemmons'] appointed representative fee" despite the ALJ awarding to Hale a benefits award. (ECF No. 16-9, PageID #: 145). On September 21, 2020, the Commissioner replied to the request for reconsideration by affirming the ALJ's decision but stating that it was "unable to pay [Hemmons'] fee directly" because Hemmons was not registered as an appointed representative. (ECF No. 16-10, PageID #: 148). The Commissioner reminded Hemmons, though, that "although SSA is unable to pay your fee directly, [Hemmons] ha[s] the right to bill [her] client per the Administrative Law Judge Fee Authorization decision." (ECF No. 16-10, PageID #: 148).

Hemmons filed this action later that day. (ECF No. 1). After requesting and receiving extensions of time to file an answer, the Commissioner moved to dismiss this action under Rules 12(B)(1) and 12(B)(6) of the Federal Rules of Civil Procedure on January 26, 2021. (ECF No. 16-1). Hemmons then moved to strike the Commissioner's motion to dismiss under Rule 5; or, in the alternative, opposed the motion. (ECF No. 17). Hemmons then noticed the Commissioner and this Court via affidavit that she had faxed her Agency Form SSA-1693 on March 2, 2020. (ECF No. 18, PageID #: 201). This was the first time that Hemmons had supported by affidavit her statements about the Agency Form SSA-1693. The Commissioner replied to Hemmons' opposition on March

3

12, 2021. Even though the Commissioner stated that it would "implement its procedures [for paying appointed representatives] under POMS GN 03920.0551 based on the newly provided Form 1699," the Commissioner maintained that the Court lacked subject matter jurisdiction over the complaint. (ECF No. 20, PageID #: 208). On April 7, 2021, Hale then submitted an affidavit stating that "at no time [did he] receive[] any portion of a Social Security Disbursement that related to [a]ttorney['s f]ees." (ECF No. 21, PageID #: 212).

### III. Law and Analysis

Under the Social Security Act, appointed representatives whose clients are awarded benefits are themselves compensated for their services through deductions from their clients' benefits awards. *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 67 (2nd Cir. 2016); *see also* 42 U.S.C. § 406(a); *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 456 (6th Cir. 2016). The Commissioner does not pay the award out of their own funds; the Commissioner merely facilitates the payment from the claimant's award. *Booth*, 645 F. App'x at 658. Because Hemmons never received the authorized fee from either the Commissioner directly or from Hale personally, she now asks the Court to compel the Commissioner to pay directly the $777 authorized fee[1] that she earned by successfully representing Hale at the administrative level. (ECF No. 1, PageID #: 4). And in addition to the $777 authorized fee, Hemmons prays for $5,750 in compensatory damages with interest, reasonable additional attorney's fees, and costs. (ECF No. 1, PageID #: 4).

In moving to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the Commissioner asserts that Hemmons "do[es] not (and cannot) identify any

---

[1] Hemmons alleges in the complaint that she is entitled to a $779 authorized fee (ECF No. 1, PageID #: 2, 4), but Hale's affidavit states that only $777 of his benefits award "was being held for my Attorney Fees…" (ECF No. 21-1, PageID #: 214). The Commissioner states that the award is $777. (ECF No. 16-10, PageID #: 148). This discrepancy is immaterial, though, because the Court lacks subject matter jurisdiction to hear this dispute.

4

statutory, regulatory, or other law that the Commissioner violated with respect to Hemmons' request for attorney fees." (ECF No. 16-1, PageID #: 73). Additionally, the Commissioner argues that "this Court does not even have subject matter jurisdiction over Plaintiffs' Complaint" because the Commissioner and the Social Security Administration are protected by sovereign immunity from lawsuits such as these. (ECF No. 16-1, PageID #: 74).

Thus, the question before the Court is whether Hemmons can maintain here an action that would require the Commissioner to pay her the authorized fee that she earned while representing Hale at the administrative level (and other damages). For the reasons discussed below, the answer is no. Accordingly, Hemmons' complaint must be dismissed.

A.   **Rule 12(b)(1) Standard of Review**

Subject matter jurisdiction is always a threshold determination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of hypothetical jurisdiction that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1)—which the Commissioner makes here—questions "merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

**B.     The Court Lacks Subject Matter Jurisdiction Over This Action**

The Commissioner asserts that Hemmons' complaint lacks subject matter jurisdiction. (ECF No. 16-1, PageID #: 78-82). The Commissioner raises a facial attack because "the Court is not required to examine the truthfulness of Hemmons' allegations in order to determine the existence of subject matter jurisdiction." *Medved v. U.S. Dept. of Justice*, No. 4:16-cv-2334, 2017 WL 6731495, *2 (N.D. Ohio Dec. 29, 2017) (citing *Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 676 (N.D. Ohio 2012)). Thus, the Court takes Hemmons' allegations as true. *Wayside Church*, 847 F.3d at 816.

"Sovereign immunity is jurisdictional in nature," and it is axiomatic that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Similarly, an action against a Federal official in his official capacity is an action against the Federal Government. *See Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) ("The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" in the statutory text. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."). In the social security context, the United States has expressly lifted its sovereign immunity for claims that fall under 42 U.S.C. § 405(g) and (h); thus, private parties may sue in accordance with those sections. *E.g.*, *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976). But the Sixth Circuit has unequivocally concluded that "the Commissioner has not waived immunity" under the Social Security Act for authorized fees, which fall under 42 U.S.C. § 406(a) or (b).

6

*Booth*, 645 F. App'x at 458. The Sixth Circuit's stance comports with opinions from the 2nd Circuit, 3rd Circuit, 8th Circuit, and 10th Circuit. *Id.*; *see also Binder & Binder, P.C.*, 818 F.3d at 67.

Even assuming as true each of Hemmons' allegations, this action cannot be maintained. At bottom, Hemmons seeks to collect a $777 authorized fee not from Hale, with whom she is in a contractual relationship,[2] but from the Commissioner's own funds separate from Hale's benefits award. Moreover, Hemmons seeks additional compensatory damages, attorney's fees, and filing costs related to her efforts here. The Commissioner has not waived those claims; thus, they are barred by sovereign immunity. *Booth*, 645 F. App'x at 458; *see also Binder & Binder, P.C.*, 818 F.3d at 67. Accordingly, the Court lacks subject matter jurisdiction over Hemmons' action.[3]

Hemmons' response to the Commissioner's motion to dismiss does not change that analysis. First, Hemmons moves the Court to strike the Commissioner's motion to dismiss because it "was filed without a Certificate of Service." (ECF No. 17, PageID #: 156). But Rule 5 of the Federal Rules of Civil Procedure states that "[n]o certificate of service is required when a paper is

---

[2] Notwithstanding the Court's conclusion here, Hemmons may still seek to recover the authorized fee directly from Hale. Indeed, the Commissioner has informed Hemmons of that fact on multiple occasions. (*E.g.* ECF No. 16-10, PageID #: 148; ECF No. 17, PageID #: 156). Moreover, the agreement that Hemmons and Hale executed explicitly binds Hale to "pay the authorized fee to my representative[] directly" if, for some reason, his "representative is not eligible for direct payment by [the Commissioner]." (ECF No. 16-3, PageID #: 94). In any case, the Commissioner now represents that it "will implement its procedures under POMS GN 03920.0551 based on the … Form 1699" that Hemmons filed in this action; those steps may include paying Hemmons from Hale's prospective benefits via an overpayment to his account. (ECF No. 20, PageID #: 208).

[3] The Commissioner is correct that this action could be dismissed under Rule 12(b)(6), too. But because the Court lacks subject matter jurisdiction, the Commissioner's Rule 12(b)(6) challenge is moot. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) ("As we lack subject matter jurisdiction in this action, the arguments raised to support defendants' motions to dismiss [under] Rule 12(b)(6) are rendered moot.").

served by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(d)(1)(B). The Commissioner filed its motion to dismiss via the Court's electronic-filing system on January 26, 2021, which satisfies Rule 5. Thus, Hemmons' request to strike the Commissioner's motion to dismiss is baseless.

Second, Hemmons attempts to draw a parallel between this case and *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). (ECF No. 17, PageID #: 156-59). There is no parallel. *Gisbrecht* was a case about "the fees that may be awarded attorneys who successfully represent Social Security benefits claimants *in court*" under the Equal Access to Justice Act. *Gisbrecht*, 535 U.S. at 792 (emphasis added). The issue was "the appropriate starting point for judicial determinations of a reasonable fee for representation before the court" under § 406(b)—calculus that occurs only if the claimant petitions the district court to award benefits after they were denied at the administrative level. *Id.* (brackets and quotations omitted). But this action does not concern § 406(b) because the Commissioner awarded benefits to Hale at the administrative level, which has its own process under § 406(a). And even if *Gisbrecht* discussed the reasonableness of fees under § 406(a), Hemmons' has never challenged the reasonableness or amount of her authorized fee. Thus, Hemmons' statement that "not only is jurisdiction allowed in the instant case, [but] it is mandated" by *Gisbrecht* is incorrect. (ECF No. 17, PageID #: 159).

**IV.     Recommendation**

Because the Court lacks subject matter jurisdiction over this action, I recommend that it be dismissed.

DATED: June 3, 2021

*Carmen Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).