UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLA HEMMONS, *et al.*, | ) Case No.: 1:20 CV 2132 |
| Plaintiffs | ) JUDGE SOLOMON OLIVER, JR. |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant | ) ORDER |

Currently pending before the court in the above-captioned case is the Commissioner of Social Security Administration's ("Defendant" or the "Commissioner") Motion to Dismiss ("Motion") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim. (ECF No. 16.) For the following reasons, the court grants the Motion under Rule 12(b)(1).

In March 2020, the Commissioner partially awarded Plaintiff Sebastian Hale's ("Hale") claim for disability benefits in the amount of $3,108. Plaintiff Willa Hemmons ("Hemmons") represented Hale through the administrative proceedings and is entitled to an authorized fee of $777 under an agreement promising 25 percent of Hale's award (if any). However, the Commissioner did not withhold funds or direct payment to Hemmons because she failed to register properly with the Social Security Administration's Appointed Representative Services database. Plaintiffs then filed this lawsuit to recover Hemmons's fee award as well as compensatory damages totaling $5,750 (for time

Hemmons spent trying to obtain her award from the Social Security Administration field office) and costs associated with this action.

The court automatically referred this case to Magistrate Judge Carmen E. Henderson ("Magistrate Judge" or "Judge Henderson") under Local Rule 72.2(b) to prepare a Report and Recommendation ("R & R"). On January 26, 2021, the Commissioner moved to dismiss under Rules 12(b)(1) and 12(b)(6). (ECF No. 16.) Plaintiffs filed a Response in Opposition (ECF No. 17) on February 24, 2021, and the Commissioner filed a Reply (ECF No. 20) on March 12, 2021. On June 3, 2021, Judge Henderson submitted an R & R (ECF No. 22), recommending that the court grant the Commissioner's Motion and dismiss this action under Rule 12(b)(1) for lack of subject-matter jurisdiction.

The R & R concludes that this action is barred by sovereign immunity. Although Congress has expressly consented to social security claims brought under certain provisions of the Social Security Act, "the Sixth Circuit has unequivocally concluded that 'the [United States] has not waived immunity' . . . for authorized fees, which fall under 42 U.S.C. § 406(a) or (b)." (R & R at PageID #220, ECF No. 22.) Yet the Complaint invokes 42 U.S.C. §§ 406(a)(2)(A)(i) and (ii) as the basis for Hemmons's recovery. Because Hemmons seeks to collect her "authorized fee not from Hale, with whom she is in a contractual relationship, but from the Commissioner's own funds separate from Hale's benefits award," her claim is barred. (*Id.* at PageID #221.) So are her claims for additional compensatory damages and filing costs related to this action. In reaching this conclusion, however, the R & R emphasizes that "Hemmons may still seek to recover the authorized fee directly from Hale. Indeed, the Commissioner has informed Hemmons of that fact on multiple occasions." (*Id.* at PageID #221 n.2.)

Objections to the R & R were due by June 17, 2021, but neither party filed any.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own Judge Henderson's R & R. The court hereby grants the Commissioner's Motion and dismisses this action under Rule 12(b)(1) for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

June 22, 2021